THE LAW OFFICE OF CHRISTOPHER DARDEN
CHRISTOPHER DARDEN, SBN 94959
OMA NKELE, SBN 164069
11500 W Olympic Blvd, Ste 400
Los Angeles, CA 90064
E-Mails: dardenatty@aol.com;nkelelawoffice@gmail.com;
On behalf of Defendant
Sylvia Ogbenyeanu Walter-Eze

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>        V<br><br>.<br><br><br>SYLVIA OGBENEANU WALTER-EZE,<br>et al.,<br><br>                              Defendants.<br>_____ | CASE NO: 14-0259-RGK-1<br><br>DEFENDANT'S MOTION IN<br>LIMINE TO EXCLUDE<br>TESTIMONY<br>OF EDNA Q. CALAUSTRO, MD<br>AND ANY EVIDENCE OF<br>ACTS BARRED BY THE<br>STATUTE OF LIMITATION<br><br>MEMORANDUM OF POINTS<br>AND AUTHORITIES IN<br>SUPPORT THEREOF<br><br><br>Date: March 10, 2015<br>Time: 8:30 AM<br>Place: Courtroom 850 |

To the Honorable R. Gary Klausner, Judge of the United States District

Court for the Central District of California:

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY
OF EDNA Q. CALAUSTRO, MD          CASE NO. 14-0259-RGK-1
1

Defendant Sylvia Ogbenyeanu Walter-Eze (Walter-Eze), by and through her counsel,  will and hereby moves the Court *in limine* for an Order barring the testimony of Edna Q. Calaustro, MD, ("Calaustro") a Prosecution's witness,  in its entirety or in the alternative, precluding Calaustro and the Prosecution from offering any testimony or documentary evidence, making references to, or presenting any argument (through Calaustro or otherwise)  about any contact or relationship Calautro may have had, directly or indirectly with Ezcor or Walter-Eze which falls within  periods of prescription. Such long dormant evidence has more cruelty in them than justice.

This Motion is made on the grounds that Calaustro's testimony is barred by the statute of limitation and is thus, inadmissible.  *See* Federal Statute 18 USC 3282.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Court's records and files in this matter, all matters of which the Court may properly take judicial notice, and on such further evidence as may be presented at or before the hearing.

Dated: March 5, 2015                           Respectfully submitted,

                                       _____/s/_____.
                                       Oma Nkele
                                       Attorney for
                                       Sylvia Ogbenyeanu Walter-Eze

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF EDNA Q. CALAUSTRO, MD AND ANY EVIDENCE OF ACTS BARRED BY THE STATUTE OF LIMITATION

## I

## INTRODUCTION AND RECITAL OF CASE

On May 6th, 2014, Prosecution filed an indictment in this court against the Defendant. (Docket No. 23).

A Statement of Constitutional Rights (Docket No. 35) was filed on May 13th, 2014, and  stated that Defendant …is entitled to a "*Speedy and Public Trial*…" and is …"entitled to *see and hear the evidence and cross-examine the witnesses* against you…"

A Statement of the Case (Docket No. 117) was subsequently filed on February 28, 2015 summarizing the case to be ….." In short, that indictment charges that, the Defendant, Sylvia Ogbenyeanu Walter-Eze ("defendant") and others, conspired to commit health care fraud through the defendant's ownership and operation of a company called Ezcor-9000, Inc. ("Ezcor").

In addition, the indictment alleges that the defendant executed a scheme to commit health care fraud and conspired to pay and receive illegal health care kickbacks for patient referrals. The indictment alleges that Ezcor specialized in the

supply of what is called durable medical equipment or DME for short. As the

owner of Ezcor, the defendant would supply medically unnecessary durable

medical equipment to Medicare eligible beneficiaries and then submit claims for

reimbursement to Medicare and Medi-Cal.

## II

## ARGUMENT

**i.    Noncapital federal offenses that do not meet Statute Of Limitation deadline guidelines cannot be prosecuted.**

Under Federal Statute 18 USC 3282, people who commit health care fraud

Are protected from prosecution for any noncapital offense in which an indictment

is not found within five years of the criminal act.

18 U.S. Code § 3282 (a) refers to offenses that are not capital in nature and

states as follows:

"Except as otherwise expressly provided by law, no person shall be

prosecuted, tried, or punished for any offense, not capital, unless the indictment is

found or  the information is instituted within five years next after such offense

shall have been committed."

Once the statute has expired, the court lacks jurisdiction to try or punish a

defendant.

Generally, the time limit starts to run on the date the offense was committed, not

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY
OF EDNA Q. CALAUSTRO, MD        CASE NO. 14-0259-RGK-1

4

from the  time the crime was discovered or the accused was identified.

On February 18, Prosecution indicated that their Chief witness is Calaustro who had been transported to California from her place of confinement in Texas. Counsel for Defendant was in the process of substituting into the case and had not yet received the discovery in the possession of the previous counsel.

 Upon current review of some discovery materials turned over by Prosecution, Defense has become aware that Prosecution will attempt to introduce testimony or documentary evidence, references to, or  arguments (through Calaustro or otherwise) about contacts or any relationship Calaustro may have had, directly or indirectly with Ezcor or Walter-Eze. Review of thousands of Discovery which has been disclosed by the Prosecution, conclusively establishing the fact that Calaustro had only a cursory relationship with Walter-Eze  in 2006 in which involved only perhaps, one unmemorable phone contact. There was no allegation that the alleged phone contact involved any unlawful conduct. Calaustro actually alleged that the brief relationship ended because she never developed a personal relationship with Ezcor and did not know Ezcor well. *See* FBI Report dated May, 7th 2014, EZE009549,  pg.1, 3rd paragraph.

Calaustro does not recall speaking with  Walter-Eze  about any specific patients only Jean Aves  (Aves), who was  an employee of  Ezcor from 2004 to 2006. *See* FBI Report dated May, 7th 2014, EZE009549,  pg.1, 4th paragraph.

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY
OF EDNA Q. CALAUSTRO, MD        CASE NO. 14-0259-RGK-1

Calaustro  allegedly saw a patient by the name of Jorge Pabiliona on behalf of Ezcor. *See* FBI Report dated May, 7th 2014, EZE009550,  pg.2, 4th paragraph. Patient record indicates that Pabiliona was evaluated by Calautro in 2006.

Calaustro also, allegedly saw another patient Josephina Alcatara on behalf of Ezcor. *See* OIG Investigative Report dated March 5th, 2015, EZE011453,  pg.1, 2nd paragraph.

Patient record indicates that Alcatara was evaluated by Calaustro on September 3rd, 2006. *See* OIG Investigative Report dated March 5th, 2015, EZE011454,  pg.2

By 2007, neither  Calaustro  nor Eves had contact with Ezcor. All relationships had been terminated.

On May 6th, 2014, Walter-Eze was indicted for Conspiracy to Commit Healthcare Fraud, Healthcare Fraud, Causing an Act to be done and for Conspiracy to pay and receive healthcare kickbacks, three years after the Statute of limitation had run for any Act or contact that can be attributed to witness Calaustro .

Indictment against Defendant based on any wrongful acts alleged to have been committed in 2006 is barred by statute. If the alleged act was in 2007, then the indictment should have been filed in 2012. If in 2008, then by 2013 and if by May, 2009 then by 2014. Upon review of discovery materials, Defense is of the impression that Prosecution is seeking to introduce acts barred by the statute of limitation, against Defendant, to prosecute and punish her. The argument might be

that the conduct was continuing till May, 2012 when Defendant closed her business. However, the offending conduct was already investigated and documented before Ezcor went out of business in 2012. The Statute is not tolled in this case by the discovery rule or by continuous act because each alleged act of fraud is distinct and actionable as of the date it was committed. In an investigative report dated May 5th, 2006, The FBI wrote that Ezcor was one of two DME companies that Judy Estrella conspired with to commit DME. *See* FBI Report dated May, 16th 2006, EZE003603, pg.2, 4th paragraph.  It was an official record of Special Agent (SA) Juan Hernandez, Jr. and SA Evette Rivera's  investigative report. *See* FBI Report dated May, 16th 2006, EZE003603, pg.1.

Mere ignorance of the existence of a cause of action generally does not toll the statute of limitations, particularly when the acts could have been learned by inquiry or due diligence. Ordinarily, silence or failure to disclose the existence of a cause of action does not toll the statute.

The government  could have indicted Ezcor since 2006, according to their investigative reports, but failed to do so for 8 years. Statute of limitations dictate the time period within which a legal proceeding must begin. The purpose of a statute of limitations in a criminal case is to ensure the prompt prosecution of criminal charges and thereby spare the accused of the burden of having to defend against stale charges after memories may have faded or evidence is lost.

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY
OF EDNA Q. CALAUSTRO, MD        CASE NO. 14-0259-RGK-1

Defendant no longer knows current  contact information on many of her past employees whose contact information are now obsolete and whom she has been unable to contact. Even if she was to do so, facts of events are vague to many apparent from recent investigative reports which have witnesses claiming recollection of facts that never happened.

Continued overt act exception with respect to any alleged conspiracy between Calaustro and Ezcor,  is time barred by statute as the relationship between Calautro and Ezcor or any agents, employees or associates of Ezcor effectively ended in 2006.  No person can be held liable for conspiracy between other parties for which they are unaware of. Multiple conspiracies maybe alleged, but each is distinct from the other and acts not supporting the other are not part of the same conspiracy.

> **ii.     In a conspiracy prosecution brought under 18 U.S.C. § 371, the government must prove at least one overt act in furtherance of the conspiracy by one of the conspirators within the five years before the return of the indictment. 18 U.S.C. § 3282(a);**

Calautro is not competent to testify in the Prosecution's case in chief to any conspiracy that  could have existed after the year 2006, when she had already lost all contact with Ezcor.  Her testimony is barred by the statute of limitation and is outside the jurisdiction of the Court. The conduct that Prosecution wishes her to

testify about is not charged in the indictment , cannot be charged, and is time barred.

### iii.    Due process condemns pre-indictment delays even when permitted by the statute of limitations if the prosecution wrongfully caused the delay.

Due process condemns pre-indictment delays even when permitted by the statute of limitations if the prosecution wrongfully caused the delay and the accused's defense suffered actual, substantial harm as a consequence.

In this case, Defense is harmed by the overwhelming discovery of over 23000 pages which was gathered for over 8 years. The overwhelming number of investigative reports makes it difficult if not  impossible for the defense to review or investigate within the limited period of time required for a speedy trial.

Defendant has suffered because she had to change counsel just before a scheduled trial date as her first counsel was overwhelmed and unable to timely review the huge mountain of discovery which is still a huge challenge for the defense. Unable to get any reasonable continuance of trial for her new defense team, defendant has suffered a great loss of her due process right to fair trial.

Ordinarily, the statute of limitations begins to run as soon as the crime has been completed. Although the federal crime of conspiracy is complete when one of the plotters commits an affirmative act in its name, the period for conspiracies begins with the last affirmative act committed in furtherance of the scheme.

As already stated, continued overt act exception with respect to any alleged conspiracy between Calaustro and Ezcor,  is time barred by statute as the relationship between Calautro and Ezcor or any agents, employees or associates of Ezcor effectively ended in 2006.  No person can be held liable for conspiracy between other parties for which they are unaware of even if Prosecution is alleging multiple conspiracy theories.

 Therefore, prosecution is barred from prosecuting any charge, including the Conspiracy charge, if there is affirmative action's that effectively terminated any alleged conspiracy. Since the last contact with Ezcor ended in 2006, Prosecution cannot violate Waltereze's due process right by introducing Calaustro's testimony as part of a scheme because the acts she will testify to is statute barred and not within the court's jurisdiction.

On Feb. 27, 2013, the United State Supreme Court issued a unanimous and important decision clarifying the statute of limitations applicable to most federal government penalty enforcement cases. The Court held that the five-year limitations period under 28 U.S.C. § 2462 begins to run when the government's civil penalty claim accrues, i.e., when the defendant's conduct that gives rise to the civil penalty claim occurs or *is complete*. The statute does not allow the

government to delay the triggering of the five-year limitations period based on the so-called "discovery rule." *See Gabelli v. SEC,* 568 U.S. (2013).

Though this was a civil matter, the Supreme Court in reaching this result, restated *the general rule that a cause of action accrues when the defendant's conduct giving rise to the action occurs or is complete.* Slip. Op., 4-5. The Court also recited the important societal functions of statutes of limitations, including the need for repose, elimination of claims for which evidence may have been lost and certainty as to plaintiffs' and defendants' rights. *Id.*, 5.

While the Supreme Court acknowledged its own precedent applying the discovery rule in fraud actions where an injured plaintiff seeks compensatory damages, *see Merck & Co. v. Reynolds*, 559 U.S. (2010), it found significant differences between those actions and a government agency action. Slip Op., 7-10. First, parties injured by fraud are not constantly investigating for evidence of the fraud, whereas government agencies, like the SEC, commonly have the investigation and enforcement of the law as part of their central mission.  Second, the relief is different. The former seeks compensation for an injury whereas the latter involves penalties going beyond compensation to punish the defendant's pocketbook as well as his reputation.

The Supreme Court also observed the difficulties inherent in applying the discovery rule to a government agency. It would require courts to identify when

the agency discovered or should have discovered a violation, which would be difficult given the number and layers of employees at most agencies and the shifting of agency priorities and funding for investigative and enforcement activity.

Finally, the Court observed that Congress has expressly adopted the discovery rule for some statutes of limitations but usually combines it with an absolute period of repose, which is absent from Section 2462. Considering all these factors, the Court concluded that "[a]pplying a discovery rule to Government penalty actions is far more challenging than applying the rule to suits by defrauded victims, and we have no mandate from Congress to undertake that challenge here." Slip. Op., 11. The Center for Medicare/medical Services, as a government agency, is not exempt from this rule.

As held in *SEC v. Graham*, No. 13-10011, 2014 WL 1891418 (S.D. Fla. May 12, 2014), the court ruled that it lacked subject matter jurisdiction over the SEC's claims against former real estate executives because the five-year statute of limitations in 28 U.S.C. § 2462 had run. In this matter, the court also lacks subject matter jurisdiction over allegations of fraud, kickbacks or conspiracy between Ezcor and Calaustro.

Notably, the court drew a distinction between "jurisdictional" statute of limitations and statute of limitations that act as "claim-processing rules." While "claim-processing rules" would allow the court to determine whether the statute of

limitations had been tolled or otherwise extended, "jurisdictional" limitations prevent a court from entertaining a matter unless the claim is brought within the statutorily allowable time frame.

## III.

## CONCLUSION

Based on the foregoing, the Defendant's Motion in Limine to exclude testimony of  EDNA Q. CALAUSTRO, MD should be granted.

Dated: March 5, 2015            Respectfully submitted,
                                LAW OFFICE OF CHRISTOPHER DARDEN
                                CHRISTOPHER DARDEN
                                OMA NKELE


                                _____*Nkele*_____.
                                OMA NKELE
                                Attorney for
                                Sylvia Ogbenyeanu Walter-Eze

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY
OF EDNA Q. CALAUSTRO, MD        CASE NO. 14-0259-RGK-1