STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
BLANCA QUINTERO
Trial Attorney
Fraud Section, Criminal Division
ALEXANDER F. PORTER
Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice
     4811 Airport Plaza Drive, 5th Floor
     Long Beach, California 90815
     Telephone: (202) 714-9138
     Facsimile: (562) 982-1799
     E-mail:    Blanca.Quintero@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 14-0259-RGK |
| ) | |
| Plaintiff, ) | OPPOSITION TO DEFENDANT'S |
| ) | MOTION IN LIMINE TO EXCLUDE |
| v. ) | TESTIMONY OF EDNA Q. |
| ) | CALAUSTRO, M.D., AND ANY |
| SYLVIA OGBENYEANU WALTER-EZE, ) | EVIDENCE OF ACTS BARRED BY |
| ) | THE STATUTE OF LIMITATIONS |
| Defendant. ) | |
| ) | |
| ) | DATE: March 10, 2015 |
| ) | TIME: 9:00 a.m. |
| ) | CTRM: 850 |
| ) | JUDGE: Hon. R. Gary Klausner |
| ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES**

The indictment in this case charges the defendant with Medicare fraud and payment of illegal kickbacks from 2007 to the date of the search warrant in this case in May 2012. Count One charges a conspiracy to commit Medicare fraud from 2007 to May 2012, in violation of 18 U.S.C. § 1349. Indictment ¶ 20. Counts Two through Six charge a Medicare fraud scheme from 2007 to May 2012, in violation of 18 U.S.C. § 1347. Id. ¶ 24. And Count Seven charges a conspiracy to pay illegal health care kickbacks from 2007 to May 2012. Id. ¶ 28.

The defendant has filed a motion in limine to exclude the testimony of Dr. Edna Calaustro, on the basis that her testimony is supposedly barred by the statute of limitations. The defendant's motion is meritles. Dr. Calaustro's conduct occurred in 2007, and later, during the Medicare fraud conspiracy and scheme charged in the indictment. Moreover, there is no issue with the Medicare fraud conspiracy and scheme spanning the period of 2007 to May 2012, because Medicare fraud is a continuing offense. Finally, Dr. Calaustro's testimony regarding events in 2006 is admissible to establish the criminal conspiracy in this case.

**A. Dr. Calaustro's Criminal Conduct Occurred During The Medicare Fraud Conspiracy And Scheme From 2007 to 2012**

Dr. Calaustro is one of the defendant's co-conspirators in the Medicare fraud conspiracy and scheme charged in the indictment. Dr. Calaustro wrote bogus prescriptions for medically unnecessary power wheelchairs in exchange for the

2

defendant paying her illegal kickbacks.  Dr. Calaustro first began committing Medicare fraud with the defendant in 2006, but their relationship continued into 2007, during the time of the Medicare fraud conspiracy and scheme charged in the indictment. In fact, after January 1, 2007, the defendant billed Medicare for more than $488,285 in fraudulent claims based on bogus prescriptions written by Dr. Calaustro.  The defendant billed Medicare for some fraudulent claims based on Dr. Calaustro's fraudulent prescriptions as late as 2010.

The defendant is simply wrong that "Calaustro had only a cursory relationship with Walter-Eze in 2006." Mot. at 5.  The defendant and Dr. Calaustro's relationship commenced in 2006, however, it continued well into 2007.  The defendant made payments to a patient recruiter, Jean Aves, who recruited the patients for whom Dr. Calaustro wrote the medically unnecessary prescriptions.  The recruiter in turn paid kickbacks to Dr. Calaustro.  Dr. Calaustro then provided the bogus prescriptions to the defendant, and the defendant, through EZCOR, submitted fraudulent claims for reimbursement to Medicare.  In this manner, the defendant and Dr. Calaustro had an ongoing relationship that lasted well into 2007.  Indeed, the defendant billed almost half a million dollars in fraudulent claims to Medicare based on Dr. Calaustro's fraudulent prescriptions <u>after</u> January 1, 2007.

In short, Dr. Calaustro's conduct and her testimony falls squarely within the Medicare fraud conspiracy and scheme charged in the indictment, and Dr. Calaustro's testimony is not barred by the statute of limitations.

**B. Medicare Fraud Is A Continuing Offense, And Thus, There Is No Issue With The Medicare Conspiracy And Scheme Extending From 2007 To May 2012**

As mentioned above, the Medicare fraud conspiracy charged in Count One, and the Medicare fraud scheme charged in Counts Two through Six cover the time period of 2007 through May 2012. The indictment in this case was filed on May 6, 2014. Dkt. No. 23.

It is well-established that charges of Medicare fraud, pursuant to 18 U.S.C. § 1347, can cover fraud schemes that extend to more than five years before the date of the indictment. See United States v. Hickman, 331 F.3d 439, 445-48 (5th Cir. 2003); United States v. Winn, __ F. Supp. 3d __, 2014 WL 5687016, at *5 (D. Nev. 2014); United States v. Schickle, 2010 WL 2680856, at *1 (D. Me. 2010); United States v. Refert, 2007 WL 30292, at *2 (D.S.D. 2007). In Winn, the district court applied Ninth Circuit law and held that 18 U.S.C. § 1347 is a "continuing offense" such that the statute of limitations begins to run at the end of the fraud scheme. 2014 WL 5687016, at *5. The court noted that all other courts to address the issue have found that health care fraud is a continuing offense. Id. at *3. The court also noted that the health care fraud statute is modeled after the bank fraud statute, and the Ninth Circuit has held that bank fraud under 18 U.S.C. § 1344 is a continuing offense. Id. at *4 (citing United States v. Nash, 115 F.3d 1431, 1441 (9th Cir. 1997)). The court said: "given the Ninth Circuit's previous holding in Nash relying on the 'execution of a scheme' language to find bank fraud to be a continuing offense, the Court finds

4

that health care fraud under 18 U.S.C. § 1347, which contains the same language, must also be a continuing offense." Id. at *5.

Thus, 18 U.S.C. § 1347 is a continuing offense, and as a result, the scheme can extend back to more than five years before charges were filed in this case. Therefore, it is perfectly appropriate for the Medicare fraud conspiracy and scheme to cover the time period of 2007 through May 2012.

**C.  Defendant's Dealings With Dr. Calaustro Before 2007 Are Admissible To Establish The Conspiracy And Scheme**

The defendant suggests that certain communications between the defendant and Dr. Calaustro should be excluded because they occurred in 2006, before the charged conspiracy and scheme in this case. "It is well-established, however, that the mere fact that evidence involved activities occurring before the charged time frame of the conspiracy does not automatically transform that evidence into 'other crimes' evidence." United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994). "Rather, evidence of uncharged conduct is not considered 'other crimes' evidence if it arose out of the same series of transactions as the charged offense, or if it is necessary to complete the story of the crime on trial." Id. (alterations and quotations omitted).

In the Ninth Circuit, evidence of prior acts is properly admitted in two instances: "First, . . . if the evidence constitutes a part of the transaction that serves as the basis for the criminal charge. Second, . . . when it was necessary to . . . permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime."

5

United States v. DeGeorge, 380 F.3d 1203, 1220 (9th Cir. 2004).

Here, Dr. Calaustro's testimony about her dealings with the defendant in 2006 leading up to the conspiracy and fraud scheme charged in the indictment is relevant to show how Dr. Calaustro and the defendant first entered into their illegal agreement to commit Medicare fraud.  This testimony relates to the specific transactions that form the basis for the fraud charged in this case – the fraudulent claims that the defendant submitted to Medicare based on Dr. Calaustro's medically unnecessary prescriptions.  And the testimony of Dr. Calaustro is necessary to permit the prosecution to explain to the jury how the defendant conspired with Dr. Calaustro to commit Medicare fraud.

**D.  Conclusion**

For all of the foregoing reasons, there is no basis to exclude the testimony of one of the defendant's co-conspirators, Dr. Edna Calaustro.  The defendant's motion in limine should be denied.

DATED: March 9, 2015          Respectfully submitted,

                                     STEPHANIE YONEKURA
                                     Acting United States Attorney

                                     ROBERT E. DUGDALE
                                     Assistant United States Attorney
                                     Chief, Criminal Division

                                          /s/
                                     BLANCA QUINTERO
                                     ALEXANDER F. PORTER
                                     Fraud Section, Criminal Division
                                     United States Department of Justice

                                     Attorneys for Plaintiff
                                     United States of America